IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christina Marquez, | ) | Civil Action No.: 9:14-2139-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Christina Marquez ("the plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. On August 6, 2015, the magistrate judge issued a Report and Recommendation in which she determined that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 43.) The plaintiff filed Objections on August 17, 2015 (ECF No. 46), and on September 3, 2015, the Commissioner filed a Reply (ECF No. 47). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 29 years old on her alleged disability onset date due to multiple fractures to her right arm and hand and injuries to her right rotator cuff resulting from an auto accident. (R. at 140.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on May 31, 2013. (R. at 17.) The Appeals Council denied the plaintiff's request for review (R. at 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court *pro se* on June 3, 2014 (ECF No. 1).

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 43 at 9.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus

2

depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock*

3

*v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Court would start by expressing some consideration for the plaintiff's physical difficulties. The undersigned is not dismissive of them. Also, it is a very difficult and technical task to proceed *pro se* to appeal administrative decisions of the Social Security Administration. And, while the plaintiff's filings in this court have not been sufficient to overturn the administrative order, it is not for lack of effort and communication by the plaintiff. That being said, precisely for the sophistication and complexity of these kinds of cases, the plaintiff is encouraged to seek legal counsel for any reapplication for disability in the future, as the magistrate judge referenced. The Court does not mean to say anything about the quality or propriety of such reapplication but only that trained and experienced counsel will be better positioned to assess and prosecute it, as appropriate.     The plaintiff filed objections to the Report and Recommendation[1] ("Objections"), on August 17, 2015 (ECF No. 46), and the Commissioner filed a reply on September 3, 2015 (ECF No.

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

47).  The plaintiff's objections fall within one of the following five categories:

1. Family difficulties (see ECF No. 46 at 3 (death in the family), 8 (bad marriage, losing car, sick family members);

2. Generalized disagreements that she cannot perform the work alleged, *id.* at 16;

3. Alleged technical deficiencies with applicable statutes and the procedural processing of her claims, *id.* at 11;

4. Description of medical evidence, *id.* at 14-16; and

5. Recitation of regulations and Dictionary of Occupational Titles entries, *id.* at 19-37.

These items are, for the better part, matters raised to the magistrate judge and appropriately rejected. For instance, the magistrate judge has already considered whether the plaintiff's application was decided pursuant to the regulations appropriate for adults and not children (R&R at 9). *See Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). Accordingly, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

Respectfully, the particular family and logistical difficulties in the plaintiff's life, albeit serious and important, are not relevant to the very legal enterprise of assessing her disability for purposes of benefits. Her description of medical evidence and recitation of applicable regulations is just that, a summation, and not any particular objection. The ALJ and the magistrate judge thoroughly assessed the substantial evidence in support of her

5

ability to perform medium work with impairments to her right upper extremity. (R. at 15; R&R at 5-7.) Her belief to the contrary, while rooted in her own testimony and opinion, is not sufficient to undue that analysis. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The ALJ and magistrate judge both explained why they could not find that view fully credible. (R. at 16; R&R at 8.)

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the magistrate judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 22, 2015
Greenville, South Carolina